The STATE of Ohio, Appellee,

v.

RILEY, Appellant.

[Cite as *State v. Riley* (2001), 142 Ohio App.3d 580.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–000081.

Decided April 6, 2001.

*Michael K. Allen,* Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for appellee.

*John K. Issenmann,* for appellant.

DOAN, Presiding Judge.

On January 31, 1980, defendant-appellant, David C. Riley, pleaded guilty to gross sexual imposition, in violation of R.C. 2907.05. He was sentenced to one to five years' incarceration. After serving eighteen months, he was paroled in 1982. While on parole, Riley committed an aggravated burglary, for which he was convicted and sentenced to seven to twenty-five years' incarceration. The sentence on the gross sexual imposition expired in 1985. Riley was paroled on the aggravated robbery in 1990, and that parole was revoked in 1991. He was again paroled in February 1996, and his parole was revoked in November 1996.

On January 31, 2000, Riley appeared for a sexual-offender-classification hearing. The state's evidence at the sexual-offender-classification hearing consisted of the following: (1) a copy of the entry of judgment on Riley's gross-sexual-imposition conviction, (2) Riley's criminal record at the time of his gross-sexual-imposition conviction, (3) Riley's stipulation to his 1982 aggravated-robbery conviction, and (4) the grand jury transcript on the gross-sexual-imposition charge. The circumstances surrounding the charge of gross sexual imposition were that, on October 3, 1979, Riley, who was then twenty years old, and two juveniles had pulled a twelve-year-old girl into an apartment in a building in which all of them lived. They removed the girl's shirt and pants, but not her underpants. Riley touched the girl on her breast and buttocks. When the girl screamed, she was released.

Riley testified that he had participated in a four-month sexual-offender program. According to Riley's testimony, when he was paroled to a halfway house

in 1996, it was determined that he did not need sexual-offender counseling. When he returned to Hamilton County, his parole officer advised him to participate in sex-offender counseling. Riley's testimony was unclear as to whether he was attending some type of counseling when his parole was violated. It appears from Riley's testimony that he was attending psychological counseling that was terminated by the counselor due to a dispute between them over Riley's need for counseling.

Riley was found to be a sexual predator on February 3, 2000. Riley has appealed that finding, raising one assignment of error. After reviewing the record, we asked counsel to file supplemental briefs on the issue of whether the trial court had the authority to adjudicate Riley a sexual predator and to require him to register.

◼ Riley was convicted of gross sexual imposition, a sexually oriented offense under R.C. 2950.01(D)(1), prior to January 1, 1997. When, on February 3, 2000, Riley was adjudicated a sexual predator, he was serving a term of imprisonment for aggravated robbery, which is not a sexually oriented offense. The parties stipulated that Riley's sentence on the gross sexual imposition had expired in 1985, and that he was serving time on the aggravated robbery.

R.C. 2950.09(C)(1) provides:

"If a person was convicted of or pleaded guilty to a sexually oriented offense prior to January 1, 1997, if the person was not sentenced for the offense on or after January 1, 1997, and if, on or after January 1, 1997, the offender is serving a term of imprisonment in a state correctional institution, prior to the offender's release from the term of imprisonment, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator."

R.C. 2950.01(G)(3) states:

"An offender is 'adjudicated as being a sexual predator' if any of the following applies:

"* * *

"(3) Prior to January 1, 1997, the offender was convicted of or pleaded guilty to, and was sentenced for a sexually oriented offense, the offender is imprisoned in a state correctional institution on or after January 1, 1997, and, prior to the offender's release from imprisonment, the court determines pursuant to division (C) of section 2950.09 of the Revised Code that the offender is a sexual predator."

In *State v. Benson* (Aug. 28, 2000), Butler App. No. CA99–11–194, unreported, 2000 WL 1221851, the Twelfth District Court of Appeals held:

"R.C. 2950.01(G)(3) and 2950.09(C)(1) require only that the offender be 'serving a term of imprisonment in a state correctional institution' before the offender may be deemed eligible for status as a sexual predator. The statutes are clear and unambiguous as to this point. In no way do they impose a more restrictive condition that the term of imprisonment be for a sexually-oriented offense."

Benson had pleaded guilty in 1975 to gross sexual imposition. He was sentenced to a term of two to five years' incarceration. His sentence was suspended, and he was indefinitely committed to Lima State Hospital. In March 1977, he was released from the hospital, and he was placed on probation for five years. In August 1977, he was found to have violated his probation by committing petty theft. His original sentence of two to five years' incarceration was imposed. He was released on parole in March 1980. In June 1980, he was convicted of burglary and sentenced to three to fifteen years' incarceration. In 1985, he was granted parole, which he violated that same year. In September 1988, he was again placed on parole, which he violated by exposing himself to a woman. In 1999, the trial court held a sexual-predator-determination hearing, and found Benson to be a sexual predator. Benson appealed, alleging that the trial court had no jurisdiction to hold the sexual-predator-determination hearing because he had completed his sentence for gross sexual imposition. The Twelfth District Court of Appeals held that the trial court had jurisdiction to hold the sexual-predator determination hearing and adjudicate Benson a sexual predator because Benson was "serving time in a state correctional institution" at the time his sexual-predator-determination hearing was held, even though Benson was not serving time for a sexually oriented offense.

In *State v. Wilson* (Oct. 26, 2000), Cuyahoga App. No. 77530, unreported, 2000 WL 1594577, the defendant had been convicted in 1987 of aggravated burglary and theft, with specifications that he had previous convictions for kidnapping, rape, and aggravated robbery. The record also contained evidence showing that Wilson had had prior convictions for sexual battery and gross sexual imposition, and that he had been paroled on various sex offenses in 1985. Wilson was sentenced to fifteen to twenty-five years' incarceration for aggravated burglary and one year for theft. On November 16, 1999, the trial court held a sexual-predator hearing. The trial court adjudicated Wilson a sexual predator on December 20, 1999. Wilson argued on appeal that the trial court had erred in holding a sexual-predator hearing pursuant to R.C. 2950.09(C)(1) because, at the time the hearing was held, he was not serving a prison term for a sexually oriented offense. The Eighth Appellate District held that the trial court had the authority to hold a sexual-predator hearing and to adjudicate Wilson a sexual predator because R.C. 2950.09(C)(1) required only that the offender be serving a

term of imprisonment when the sexual-predator-determination was held, and not that he then be serving a term of imprisonment for a sexually oriented offense.

■ R.C. 2950.09(C)(1) and 2950.01(G)(3) permit any individual incarcerated in Ohio on or after January 1, 1997, who has a conviction or guilty plea and a sentence for a sexually oriented offense to be adjudicated a sexual predator. See *State v. Berry* (Dec. 13, 1999), Carroll App. No. 716, unreported, 1999 WL 1243322; *State v. Michaels* (Dec. 8, 1999), Summit App. No. 18862, unreported, 1999 WL 1215124; *State v. Naugle* (Aug. 30, 1999), Stark App. No. 99–CA–00017, unreported, 1999 WL 770786; *State v. Johnson* (Sept. 24, 1998), Franklin App. Nos. 97APA12–1585 and 97APA12–1589, unreported, 1998 WL 655268. We hold that Riley could properly be adjudicated a sexual predator because he had been convicted and sentenced for a sexually oriented offense prior to January 1, 1997, and he was imprisoned in a state correctional institution after January 1, 1997.

■ We now turn to the question of whether the trial court could require Riley to register as a sexual predator. An offender must fit one of the categories in R.C. 2950.04(A) before he can be required to register as a sexual predator. See *State v. Bellman* (1999), 86 Ohio St.3d 208, 714 N.E.2d 381; *State v. Benson, supra*. An offender can properly be adjudicated a sexual predator, but not have the duty to register under R.C. 2950.04(A). See *id.*

R.C. 2950.04(A) provides as follows:

"Each offender who is convicted of or pleads guilty to, or has been convicted of or pleaded guilty to, a sexually oriented offense and who is described in division (A)(1), (2), or (3) of this section shall register with the sheriff of the following applicable.described county and at the following time:

"(1) Regardless of when the sexually oriented offense was committed, if the offender is sentenced for the sexually oriented offense to a prison term, a term of imprisonment, or any other type of confinement and if, on or after July 1, 1997, the offender is released in any manner from the prison term, term of imprisonment, or confinement, within seven days of the offender's coming into any county in which the offender resides or temporarily is domiciled for more than seven days, the offender shall register with the sheriff of that county.

"(2) Regardless of when the sexually oriented offense was committed, if the offender is sentenced for a sexually oriented offense on or after July 1, 1997, and if division (A)(1) of this section does not apply, within seven days of the offender's coming into any county in which the offender resides or temporarily is domiciled for more than seven days, the offender shall register with the sheriff of that county.

"(3) If the sexually oriented offense was committed prior to July 1, 1997, if neither division (A)(1) nor division (A)(2) of this section applies, and if, immediately prior to July 1,1997, the offender was a habitual sexual offender who was required to register under Chapter 2950. of the Revised Code, within seven days of the offender's coming into any county in which the offender resides or temporarily is domiciled for more than seven days, the offender shall register with the sheriff of that county."

Riley does not fit under R.C. 2950.04(A)(2) because he was sentenced prior to July 1, 1997, nor does he fit under (A)(3) because he was never adjudicated a habitual sexual offender and was not required to register under R.C. Chapter 2950.

The language of R.C. 2950.04(A)(1) is different from that of R.C. 2950.01(G)(3) and 2950.09(C)(1). The clear and unambiguous language of R.C. 2950.04(A)(1) requires that an offender be serving a term of imprisonment on July 1, 1997, for a sexually oriented offense before he can be required to register as a sexual predator. See *State v. Benson, supra;* see, also, *State v. Naugle, supra; State v. Brintzenhofe* (May 12, 1999), Summit App. No. 18924, unreported, 1999 WL 292195. R.C. 2950.04(A)(1) is similar to R.C. 2950.03(A)(1), which, in describing the mandatory registration of a sexual predator, requires that an offender be serving a term for a sexually oriented offense. See *State v. Benson; State v. Michaels, supra.*

R.C. 2950.03(A)(1) provides:

"Each person who has been convicted of, is convicted of, has pleaded guilty to, or pleads guilty to a sexually oriented offense and who has a duty to register pursuant to section 2950.04 of the Revised Code shall be provided notice in accordance with this section of the offender's duty to register under that section, the offender's duty to provide notice of any change in the offender's residence address and to register the new residence address pursuant to section 2950.05 of the Revised Code, and the offender's duty to periodically verify the offender's residence address pursuant to section 2950.06 of the Revised Code. The following official shall provide the notice to the offender at the following time:

"(1) Regardless of when the offender committed the sexually oriented offense, if the offender is sentenced for the sexually oriented offense to a prison term, a term of imprisonment, or any other type of confinement, and if, on or after January 1, 1997, the offender is serving that term or is under that confinement, the official in charge of the jail, workhouse, state correctional institution or other institution in which the offender serves the prison term, term of imprisonment, or confinement, or a designee of that official, shall provide the notice to the offender at least ten days before the offender is released pursuant to any type of

supervised release or at least ten days before the offender otherwise is released from the prison term, term of imprisonment, or confinement."

R.C. 2950.04(A)(1) is inapplicable to Riley because his term of imprisonment for gross sexual imposition expired in 1985, and he was not serving a term of imprisonment for a sexually oriented offense 'after July 1, 1997. As the Ohio Supreme Court pointed out in *State v. Bellman, supra,* there is a gap in the coverage of R.C. 2950.04. Riley's situation falls into the gap. The gap created by the statute may have been legislative oversight, but we may only interpret the legislation, not supply its omissions. *State v. Bellman, supra,* citing *Hough v. Dayton Mfg. Co.* (1902), 66 Ohio St. 427, 64 N.E. 521. Riley does not fit any of the categories of R.C. 2950.04, and therefore, he cannot be required to register as a sexual predator.

■ We will now address Riley's sole assignment of error, which alleges that the trial court's determination that he was a sexual predator was against the ' manifest weight of the evidence. A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). The prosecution must prove by clear and convincing evidence that an offender is a sexual predator. See R.C. 2950.09(B)(3); *State v. Cook* (1998), 83 Ohio St.3d 404, 700 N.E.2d 570; *State v. Lee* (1998), 128 Ohio App.3d 710, 716 N.E.2d 751.

Riley committed gross sexual imposition, a sexually oriented offense. The issue for the trial court to determine was whether Riley was likely to commit another sexually oriented offense in the future.

R.C. 2950.09(B)(2) provides:

"In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:

"(a) The offender's age;

"(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;

"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;

"(d) Whether the sexually oriented offense for which the sentence is imposed involved multiple victims;

"(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;

"(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;

"(g) Any mental illness or mental disability of the offender;

"(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;

"(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;

"(j) Any additional behavioral characteristics that contribute to the offender's conduct."

Riley was twenty years old when he committed the offense of gross sexual imposition, and his victim was twelve. The victim was pulled into an apartment and forced to submit to the offense. Riley had prior convictions for theft, criminal damaging and public gaming. He was convicted in 1982 for the offense of aggravated robbery that he had committed while he was on parole for the gross sexual imposition. Riley also had failed paroles on the aggravated-robbery sentence in 1991 and 1996.

Following a review of the record, we hold that the trial court's determination that Riley is likely to commit a sexually oriented offense in the future is not against the manifest weight of the evidence. The assignment of error is overruled.

We hold that Riley was properly adjudicated a sexual predator pursuant to R.C. 2950.09(C), but that he has no duty to register because he does not fall within the R.C. 2050.04(A) categories. Therefore, the judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with law and this decision.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

GORMAN and WINKLER, JJ., concur.