OPINION
This is a consolidated case appeal. William W. Linton, II ("appellant") appeals the May 10, 2000 judgment entry, classifying him a sexual predator, and the December 1, 2000 judgment entry, denying his Civ.R. 60(B) motion. For the foregoing reasons, we reverse and remand the decision of the lower court. The facts and procedural posture of this case will be limited to that which is relevant to the issues raised in the instant appeal.
On August 8, 1984, appellant, thirty-one (31) years old, was indicted on the following counts: counts one and two charged appellant with rape by force or threat of force, involving a victim under age thirteen; count three charged appellant with rape, involving a victim under age thirteen; and counts four and five charged appellant with sexual battery with a specification of physical harm. Appellant was alleged to have engaged in illicit sexual conduct with his daughter, beginning when she was six and a half (6 1/2) years old and continuing until she was fourteen (14) years old.
On October 25, 1984, appellant filed a written guilty plea. Appellant pled guilty to counts four and five, charging him with sexual battery with specifications of physical harm, and an amended count three, charging him with sexual battery. The state nolle prosequi the remaining counts. Appellant was sentenced to an indefinite prison term of no less than three (3) years and no more than ten (10) years on count three. As to counts four and five, appellant was sentenced to an indefinite term of incarceration of no less than two (2) years and no more than ten (10) years for each count. Counts four and five were ordered to run consecutively, but concurrent with count three. Appellant's sentence totaled four (4) to twenty (20) years in prison.
After serving approximately eight and a half (8 1/2) years of his prison term, appellant was released on parole on May 18, 1993. However, appellant was later arrested for a parole violation on November 24, 1993. As a result, appellant's parole was revoked and he returned to prison. Subsequently, on May 21, 1997, after several state court proceedings, appellant filed a pro se federal petition for writ of habeas corpus, challenging his parole revocation. The United States District Court, Northern District of Ohio, Eastern Division, in Linton v. Walker (2000), Case No. 5:97 CV 1428, issued a memorandum opinion, granting appellant's writ upon the condition that the state be given ninety (90) days to hold a de novo parole revocation hearing or to release appellant from custody. The district court determined that appellant's due process rights were violated in connection with his parole revocation hearing because there was a discrepancy between the notice of the parole revocation hearing that was served on appellant and the violation that was invoked in the written decision ordering his parole revocation. Appellant's remaining claims were rendered moot.[1]
Thereafter, in a letter filed on April 18, 2000, the trial court informed Warden Dianne Walker at the state correctional institution that housed appellant that a sexual offender classification hearing was scheduled for May 8, 2000. The trial court requested an "H.B. 180 packet" on appellant. That same day, the trial court issued a warrant to transport appellant from the state correctional institution to the Portage County Jail for attendance at the hearing.
On May 2, 2000, appellant filed a handwritten pro se motion, questioning the trial court's jurisdiction and requesting the trial court to take judicial notice of the district court's memorandum opinion. Appellant claimed that his parole was never properly revoked; thus, R.C.2950.01 did not apply to him and application of the statute would violate his rights. Appellant argued the May 8, 2000 hearing should be an allocation hearing on jurisdiction. Appellant attached a copy of the district court's memorandum opinion in Linton v. Walker (2000), Case No. 5:97 CV 1428.
The sexual offender classification hearing was held on May 8, 2000. The state presented the testimony of the victim, appellant's daughter. At the close of the hearing, the trial court classified appellant a sexual predator, stating that there was a long-term incestuous relationship with his daughter, beginning at a very young age. The trial court added that there was clear and convincing evidence appellant was likely to engage in such conduct in the future.
A judgment entry was filed on May 10, 2000, journalizing the trial court's finding that appellant was a sexual predator. In that judgment entry, the trial court stated that prison authorities previously determined that appellant was a sexual predator. The trial court indicated that the victim testified that appellant began to engage in sexual activity with her from about age six (6), continuing for about seven (7) years. The trial court further stated that based upon the victim's testimony, the victim's age, appellant's age at the time of the offense, the nature of the conduct, the ongoing relationship with the victim, and all the factors under R.C. 2950.09(B)(2), appellant was likely to engage in sexually oriented offenses in the future.
On June 2, 2000, appellant filed a timely appeal with this court. However, on July 17, 2000, appellant filed a pro se Civ.R. 60(B) motion for relief from judgment, seeking to vacate his sexual predator classification. Appellant also requested a hearing on his motion. Appellant argued that he did not know of the sexual offender classification hearing until May 4, 2000 when appointed counsel appeared. Appellant also contended that counsel was ineffective since counsel failed to bring forth the various witnesses and defenses that he requested, failed to bring the lack of notice of the hearing to the trial court's attention, failed to illicit the assistance of an expert to evaluate him, and failed to inform him that he had a right to testify. Appellant further argued that the parole report was inadmissible. Appellant attached his affidavit, attesting to, among other things, the lack of notice of the hearing until May 4, 2000 and the various programs and activities that he participated in while incarcerated. The following day, July 18, 2000, appellant filed a pro se motion with this court to remand the matter to the trial court for consideration of his Civ.R. 60(B) motion.
On July 26, 2000, the state filed a memorandum in opposition to appellant's request to remand the matter, arguing that a Civ.R. 60(B) motion does not apply to sexual offender classifications. The state also filed a memorandum in opposition to appellant's Civ.R. 60(B) motion, again claiming that a Civ.R. 60(B) motion does not apply to sexual offender classifications. The state argued that, even assuming that a Civ.R. 60(B) motion was applicable, appellant was not entitled to relief from judgment. As to appellant's notice claim, the state argued that appellant filed a motion on May 2, 2000, stating that he was to appear in court on May 8, 2000 for a sexual offender classification hearing. As to the ineffective assistance of counsel claims, the state asserted that those issues could be raised on appeal and that a Civ.R. 60(B) motion cannot be used as a substitute for an appeal.
Subsequently, on September 13, 2000, appellant filed a memorandum in response to the state's opposition to remand the matter for consideration of his Civ.R. 60(B) motion, arguing that R.C. 2950.09 proceedings are civil in nature.
In a judgment entry filed on October 26, 2000, this court granted appellant's motion to remand the matter for the sole purpose of a hearing on appellant's Civ.R. 60(B) motion. We explained that a claim, arising from a sexual predator classification proceeding, which could effectively be raised without resorting to evidence or facts outside the record, must be raised on direct appeal rather than in a Civ.R. 60(B) motion. However, we stated that a claim of ineffective assistance of counsel or a lack of notice of a sexual offender classification hearing could only be proven by facts or evidence outside the record in which the proper vehicle for asserting such claims was a Civ.R. 60(B) motion. We concluded that appellant's Civ.R. 60(B) motion for relief from judgment should be re-evaluated by the trial court to determine whether his claims were appropriately framed as a Civ.R. 60(B) motion or whether they should have been raised in a direct appeal.
Upon remand, on December 1, 2000, the trial court filed a judgment entry, denying appellant's Civ.R. 60(B) motion and denying his request for a hearing. The trial court determined that appellant had sufficient notice of the hearing since he filed a motion on May 2, 2000, referencing the sexual predator statute. The trial court also noted that appellant met with appointed counsel on May 4, 2000. As to appellant's ineffective assistance of counsel claims, the trial court stated that a Civ.R. 60(B) motion cannot be used as a substitute for an appeal and that such claims could be addressed in appellant's pending direct appeal. As to the admission of the parole officer's report, the trial court stated that, pursuant to R.C. 2950.09(C)(1), a trial court must review the recommendation of the Ohio Department of Rehabilitation and Correction and that the Ohio Rules of Evidence are not applicable to a sexual offender classification hearing. The trial court also added that the right against self-incrimination is not applicable since appellant was no longer in jeopardy for prosecution of the subject offenses and there was no right to be informed that he could testify at a civil proceeding, including a sexual offender classification hearing.
On December 18, 2000, appellant filed a timely appeal from the trial court's judgment entry denying his Civ.R. 60(B) motion. This court suasponte consolidated appellant's pending appeals. Appellant asserts five assignments of error, which will be set out as each one is reviewed.
We begin with appellant's first assignment of error:
 "[1.] The trial court erred in denying defendant-appellant's motion to dismiss for lack of jurisdiction as the trial [court] lacked jurisdiction to hold a sexual predator hearing under Revised Code Section 2950.01(G)(3)."
 In his first assignment of error, appellant contends that the trial court lacked jurisdiction to conduct a sexual offender classification hearing since such a hearing was never held prior to his parole release in 1993. Appellant asserts that the revocation of his parole six months later was not constitutional as determined by the district court. Appellant adds that he is not being held on a valid parole violation and should not be in prison.
As explained previously, appellant was released on parole on May 18, 1993; however, appellant was arrested approximately six months later for a parole violation. As a result, appellant's parole was revoked and he returned to prison. Subsequently, appellant filed a pro se petition for federal habeas corpus relief, challenging his parole revocation. The United States District Court, Northern District of Ohio, Eastern Division, in Linton v. Walker (2000), Case No. 5:97 CV 1428, granted appellant's writ upon the condition that the state be given ninety (90) days to hold a de novo parole revocation hearing or to release appellant from custody. The district court held that appellant's due process rights were violated in connection with his parole revocation hearing because there was a discrepancy between the notice of the parole revocation hearing that was served on appellant and the violation that was invoked in the written decision ordering appellant's parole revocation. The district court stated that appellant was given an erroneous written decision as the basis for his parole revocation. Appellant's remaining claims were rendered moot.
However, the United States Court of Appeals for the Sixth Circuit reversed and remanded the district court's decision in Linton v. Walker
(2001), Case No. 00-3259, 2001 U.S. App. LEXIS 18112. The circuit court concluded that the error in listing a narcotics program instead of a sexual offender program was a ministerial error that did not rise to the level of a constitutional violation. Id. at 10-11. The circuit court stated that appellant received adequate notice of the charge in the two notifications before the hearing and admitted to the violation that formed the basis of his parole revocation. Id. The circuit court reversed the district court's conditional grant of appellant's habeas corpus petition and remanded the matter for consideration of appellant's remaining claims that were rendered moot.
R.C. 2950.01(G)(3) provides that an offender is adjudicated a sexual predator if, prior to January 1, 1997, the offender was convicted of or pled guilty to, and was sentenced for, a sexually oriented offense, the offender is imprisoned in a state correctional institution on or after January 1, 1997, and, prior to the offender's release from a state correctional institution, the trial court determines, pursuant to the procedures set forth in R.C. 2950.09(C), that the offender is a sexual predator.
R.C. 2950.09(C) provides, in pertinent part:
 "* * * (1) If a person was convicted of or pleaded guilty to a sexually oriented offense prior to January 1, 1997, if the person was not sentenced for the offense on or after January 1, 1997, and if, on or after January 1, 1997, the offender is serving a term of imprisonment in a state correctional institution, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator. * * * If the department determines that it will recommend that the offender be adjudicated as being a sexual predator, it immediately shall send the recommendation to the court that sentenced the offender * * * and the court shall proceed in accordance with division (C)(2) of this section.
 "(2)(a) * * * the court may conduct a hearing to determine whether the offender is a sexual predator. * * * The court may hold the hearing and make the determination prior to the offender's release from imprisonment * * *."
 A sexual offender classification hearing that is conducted pursuant to R.C. 2950.09(C)(2) must take place prior to the offender's release from a state correctional institution. State v. Brewer (1999), 86 Ohio St.3d 160, paragraph one of the syllabus. Numerous appellate courts have held that it makes no difference that the offender is incarcerated in a state correctional institution for a parole violation as opposed to the underlying sexually oriented offense. State v. Ingle (Feb. 22, 2001), Cuyahoga App. No. 77957, unreported, 2001 Ohio App. LEXIS 644, at 3; see, also, State v. Riley (2001), 142 Ohio App.3d 580, 584; State v. Ballard (Oct. 30, 2000), Stark App. No. 1999-CA-0395, unreported, 2000 Ohio App. LEXIS 5029, at 3; State v. Benson (Aug. 28, 2000), Butler App. No. CA99-11-194, unreported, 2000 Ohio App. LEXIS 3862, at 6; State v. Johnson (Sept. 24, 1998), Franklin App. Nos. 97APA12-1589 and 97APA12-1589, unreported, 1998 Ohio App. LEXIS 4450, at 7.
In the instant case, appellant asserts that the revocation of his parole six months later was not constitutional as determined by the district court; however, as explained above, the circuit court reversed the decision of the district court. The commission of the crime, appellant's guilty plea, and appellant's sentencing all occurred prior to January 1, 1997. Also, the Ohio Department of Rehabilitation and Correction informed the trial court, in a letter dated May 3, 2000, that certain inmates, including appellant, have been recommended for designation as sexual predators prior to their release. Appellant's expected release date is listed as June 15, 2004. Appellant's sexual offender classification hearing was held while appellant remained imprisoned in the state correctional institution. Thus, the requirements of R.C. 2950.01(G)(3) and R.C. 2950.09(C) were satisfied. As such, the trial court retained jurisdiction to conduct a sexual offender classification hearing. Appellant's first assignment of error is without merit.
Appellant's second assignment of error provides:
 "[2.] The trial court erred in failing to follow the procedural requirements of Revised Code Section 2950.09."
 In his second assignment of error, appellant asserts that he was not provided notice of the sexual offender classification hearing. Appellant avers that it was not until several days before the hearing that he learned that he was going to court for a sexual predator hearing. Appellant claims that this lack of notice prevented meaningful preparation and investigation of a defense. Appellant further contends that the trial court never gave him the opportunity to present any evidence, witnesses, or to testify on his behalf.
R.C. 2950.09(B)(1) provides:
 "The court shall give the offender and the prosecutor who prosecuted the offender for the sexually oriented offense notice of the date, time, and location of the hearing. At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator." (Emphasis added.)
 In State v. Gowdy (2000), 88 Ohio St.3d 387, 399, the Ohio Supreme Court held the notice requirement of R.C. 2950.09(B)(1) is mandatory. It is plain error to fail to provide a defendant with notice of a sexual offender classification hearing. Id. As a result, a defendant need not raise an objection concerning the lack of notice of a sexual offender classification hearing to preserve his argument for appeal. The notice requirement of R.C. 2950.09(B)(1) demands strict compliance and to hold otherwise would make the hearing perfunctory in nature and would deny a defendant the rights guaranteed to him under the statute. Gowdy at 398. A defendant must have notice of the hearing in order to have an opportunity to testify, to present evidence, to call and examine witnesses, and to cross-examine witnesses. R.C. 2950.09(B)(1). Absent compliance with the mandatory notice provision, a defendant's classification must be vacated and the matter remanded for the trial court to conduct a new sexual offender classification hearing with proper advance notice of the hearing to all parties. Gowdy at 399.
In the case sub judice, upon close examination of the record, the record is devoid of any indication that appellant was served with notice of the sexual offender classification hearing. The record contains a letter, filed on April 18, 2000, from the trial court to Warden Dianne Walker at the state correctional institution that housed appellant, informing her that a sexual predator hearing was scheduled for May 8, 2000. The record also contains a warrant by the trial court that was filed that same day, requesting the sheriff to transport appellant from the state correctional institution to the Portage County Jail for attendance at a sexual offender classification hearing.
However, it is not until May 2, 2000, that the record demonstrates that appellant had knowledge of the sexual offender classification hearing scheduled for May 8, 2000. On that day, appellant filed a handwritten prose motion, challenging the trial court's jurisdiction and requesting the trial court take judicial notice of the district court decision. In that motion, appellant argued that R.C. 2950.01 et seq. could not be applied to those who have been released from prison and that the revocation of his parole was unconstitutional. Appellant also requested that the hearing of May 8, 2000, be an allocation hearing for want of jurisdiction.
Additionally, the record is not clear as to when counsel was appointed. Appellant's affidavit, attached to his Civ.R. 60(B) motion, states that appointed counsel met with him for the first time on May 4, 2000, to prepare his defense. However, the record does not contain any indication as to how or when appellant's appointed counsel received notice of the sexual offender classification hearing. See State v.Smith (Dec. 29, 2000), Crawford App. No. 3-2000-20, unreported, 2000 Ohio App. LEXIS 6233, at 3-4 (holding the notice that was served on the defendant's appointed counsel approximately one month before the sexual offender classification hearing was adequate); State v. Johnson (Aug. 4, 2000), Montgomery App. No. 18094, unreported, 2000 Ohio App. LEXIS 3475 (holding notice was adequate where the order setting the sexual offender classification hearing was served on defendant's assigned counsel more than two months prior to the hearing). The record also demonstrates that, during the sexual offender classification hearing, appellant's counsel informed the trial court that they had little time to review the institutional summary report since they received it that morning.
Pursuant to R.C. 2950.09(B)(1), appellant has a fundamental right to receive adequate notice of the sexual offender classification hearing so that he has sufficient time to prepare a defense and present evidence and witnesses if he chooses. Based on the record before us, we cannot say that appellant received adequate notice of the sexual offender classification hearing. The first indication in the record of appellant's knowledge of the hearing was his handwritten pro se motion filed on May 2, 2000, six days before the hearing. Additionally, there is no indication in the record how or when appellant's appointed counsel received notice of the hearing. The trial court's December 1, 2000 judgment entry, denying appellant's Civ.R. 60(B) motion states that appellant met with appointed counsel on May 4, 2000, merely four days before the scheduled hearing. Such lack of adequate notice amounts to plain error.
Based upon Gowdy, we have no alternative but to sustain appellant's second assignment of error since the record is lacking adequate notice of the sexual offender classification hearing. As such, we are required to vacate appellant's classification as a sexual predator and remand the matter to the trial court for a new sexual offender classification hearing with proper advance notice to be given to the parties. Appellant remains incarcerated at a state correctional institution until his expected release date of June 15, 2004. Our decision should not be viewed as condoning appellant's conduct in the underlying offenses. However, to allow a sexual offender classification hearing to be conducted in such a manner would make the hearing merely perfunctory in nature, which would deny appellant the rights guaranteed to him under the statute. See Gowdy, supra. Appellant's second assignment or error is well taken.
Appellant's remaining assignments of error allege:
 "[3.] The evidence is insufficient as a matter of law to prove by clear and convincing evidence that appellant classifies as a sexual predator.
 "[4.] The trial court erred to the prejudice of appellant in denying appellant's motion for relief from judgment pursuant to Civ.R. 60(B).
 "[5.] Defendant-appellant was denied ineffective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, Section X of the Ohio Constitution."
 Based upon our determination in appellant's second assignment of error, vacating appellant's classification as a sexual predator and remanding the matter to the trial court for a new sexual offender classification hearing, appellant's remaining assignments of error are rendered moot pursuant to App.R. 12(A)(1)(c).
Nonetheless, we feel compelled to make the following observation. In a judgment entry filed on October 26, 2000, we remanded the matter to the trial court for the sole purpose of a hearing on appellant's Civ.R. 60(B) motion. The record does not indicate that such a hearing was conducted as ordered. Upon remand, the trial court's December 1, 2000 judgment entry does not state that such a hearing was held. Such noncompliance would have resulted in a remand of the matter so that the trial court could conduct a hearing on appellant's Civ.R. 60(B) motion as ordered.
Based upon the foregoing analysis, appellant's first assignment of error is without merit. We sustain appellant's second assignment of error. Appellant's third, fourth, and fifth assignments of error are rendered moot based upon our determination of appellant's second assignment of error. Accordingly, we reverse the judgment of the Portage County Court of Common Pleas as to the sexual predator classification and remand the matter for a new sexual offender classification hearing with proper notice to be issued to the parties.
JUDGE DIANE V. GRENDELL, O'NEILL, P.J., NADER, J., concur.
[1] As an aside, the United States Court of Appeals for the Sixth Circuit in Linton v. Walker (2001), Case No. 00-3259, 2001 U.S. App. LEXIS 18112, reversed the district court's conditional grant of habeas corpus relief. The circuit court held that appellant received adequate notice of the charge in the two notifications that preceded his hearing, and he admitted to the violation that formed the basis of his parole revocation. The matter was remanded to the district court for consideration of appellant's remaining claims, which were rendered moot.