OPINION
{¶ 1} Defendant-appellant, Harold Bolser, appeals a determination of the Butler County Court of Common Pleas that he is a sexual predator as defined in R.C. 2950.01(E). We affirm the decision of the trial court.
 {¶ 2} Appellant was indicted in February 1979 for attempted rape. The victim was a ten-year-old girl, who stated that she awoke to find appellant pulling off her panties. Appellant tried to put his finger inside the girl's vagina, and when she screamed appellant put his hand over her mouth and threatened to hurt her if she made a sound. Appellant then tried to have sexual intercourse with the girl, but could not. He put a pillow over her head and said he had to use the bathroom. The child ran out of the house and to a neighbor.
 {¶ 3} Appellant pled guilty to a reduced charge of attempted gross sexual imposition on May 8, 1979. The trial court sentenced him to a minimum of two years and a maximum of five years, to run consecutively with a previously imposed sentence of six to 25 years.
 {¶ 4} Appellant was paroled in 1999, but was reincarcerated in 2001 as the result of a parole violation. The trial court scheduled a sexual predator determination hearing, which was held on January 9, 2002. After considering the evidence, the trial court found that appellant is a sexual predator.
 {¶ 5} Appellant now appeals the trial court's determination that he is a sexual predator and raises two assignments of error.
 Assignment of Error No. 1 {¶ 6} "The Trial Court Erred To The Prejudice Of Appellant By Classifying Appellant As A Sexual Predator, Pursuant To R.C. 2950.09, As A Matter Of Law."
 Assignment of Error No. 2 {¶ 7} "The Trial Court Erred Contrary To Law In Finding The Appellant Is A Sexual Predator After He Had Been Released From Prison."
 {¶ 8} In his first assignment of error, appellant contends that the trial court erred by relying on a written report with inconsistencies, by relying on incidents of sexual conduct for which appellant was not convicted, and by failing to consider appellant's testimony.
 {¶ 9} A sexual predator is statutorily defined as a person "who has been convicted of or pleaded guilty to committing a sexually[-]oriented offense and is likely to engage in the future in one or more sexually[-]oriented offenses." R.C. 2950.01(E). As stated above, appellant pled guilty to a sexually-oriented offense. The issue before the trial court was whether appellant was likely to commit another sexually-oriented offense in the future. R.C. 2950.09(B)(2)(a) through (j) list the factors a trial court must consider in determining whether a person is a sexual predator. The trial court is not required to find that the evidence presented supports a majority of the factors before making the sexual predator classification, but may rely upon one factor more than another, depending upon the circumstances of the case. State v.Boshko (2000), 39 Ohio App.3d 827, 840.
 {¶ 10} A trial court must find that a defendant is a sexual predator by clear and convincing evidence. R.C. 2950.09(B)(3). Clear and convincing evidence is evidence that "will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 11} In this case, the trial court stated that it had reviewed the report of Dr. Bobbie Hopes, a forensic psychologist who interviewed appellant, along with the records in both of appellant's cases. The court noted appellant's "fairly extensive" criminal history prior to the current incarceration, the fact that appellant violated his parole, that he had committed multiple sex offenses, and other risk factors, including prior non-sexual convictions, a history of alcohol abuse and the fact that appellant's offenses were against several age groups. The trial court then determined based on Dr. Hopes' report and appellant's history that he was likely to reoffend.
 {¶ 12} Appellant's argument regarding the inconsistency of Dr. Hopes' report is apparently related to the fact that Dr. Hopes stated some considerations which would weigh against recidivism. In the report, Dr. Hopes noted that appellant's age decreases the likelihood of recidivism and that he benefited from the sex offender treatment he received. Dr. Hopes also noted that appellant's test results were somewhat inconsistent, with one test indicating a 48 percent likelihood of recidivism and another predicting a 76 percent likelihood of recidivism. Appellant contends that Dr. Hopes' report is inconsistent and provides no clear guidance for predicting the likelihood of recidivism. We disagree.
 {¶ 13} Dr. Hopes' report is well-documented. She notes both the factors which indicate recidivism is less likely, such as appellant's age and completion of sex offender treatment, and the factors which weigh in favor of a high likelihood of recidivism. These factors include prior convictions for non-sexual offenses, an arrest for rape of an adult female around the same time as his arrest for rape of the ten-year-old child, a statement from appellant's sister that he raped her when she was ten and had abused a granddaughter, a history of alcohol abuse, the intrusiveness of the offense and the fact that appellant crossed age groups in choosing his victims. Dr. Hopes' report lists all of the factors, then states that in her clinical opinion, the risk factors indicate a high risk of recidivism. Dr. Hopes then notes that there is no precise formula to weigh the effect of appellant's sex offender treatment against the likelihood of recidivism. She then notes that the area is controversial, but that most research suggests little or no reduction in recidivism following sex offender treatment.
 {¶ 14} We find no error in the trial court's reliance on Dr. Hopes' report and its determination that appellant is a sexual predator. It is the trial court's duty to weigh the factors. There was sufficient evidence for the trial court to determine by clear and convincing evidence that appellant was likely to commit another sexually-oriented offense in the future.
 {¶ 15} Appellant also contends that the trial court erred by taking into account the statements of appellant's sister in a 1978 statement she made to the police. In this statement, appellant's sister told police that appellant raped her when she was ten and he was 13. Appellant contends that the trial court should not have considered this evidence because he was never convicted or even charged with these allegations.
 {¶ 16} However, when reviewing the statutory factors related to the sexual predator determination, the trial court may use reliable hearsay. State v. Cook, 83 Ohio St.3d 404, 425, 1998-Ohio-291. In making a determination whether an offender is a sexual predator, the court may consider statements that the offender committed other sexual acts for which he was never charged. State v. Austin (2000), 138 Ohio App.3d 547;State v. Lagow, Butler App. No. CA2001-06-144, 2002-Ohio-557; State v.Burgess (July 10, 2000), Fayette App. No. CA99-08-021. Thus, it was not error for the trial court to consider this evidence and determine what weight it deserved.
 {¶ 17} Finally, appellant contends that the trial court did not give the proper weight and consideration to his statements at the hearing. Appellant stated at the hearing that he is 53 years old and that the offenses occurred in 1979, that he has been drug and alcohol free for two years, and that he will not commit another sexually-oriented offense in the future because of counseling. However, it is the trial court's duty to consider all of the factors and make a determination whether appellant is likely to reoffend. As mentioned above, there was sufficient evidence that appellant is likely to reoffend. The trial court did not err in giving more weight to this evidence than to appellant's testimony. Weighing statutory factors is a function of the trial court, who has discretion to determine what weight, if any, is assigned to any of the statutory factors. State v. Thompson, 92 Ohio St.3d 584,2001-Ohio-1288, paragraph one of the syllabus. Accordingly, appellant's first assignment of error is overruled.
 {¶ 18} In his second assignment of error, appellant contends that the trial court did not have jurisdiction to find that he is a sexual predator because the hearing did not take place prior to his release from prison.
 {¶ 19} At the time of appellant's release on parole in 1999, R.C. 2950.09 provided that: "If a person was convicted of or pleaded guilty to a sexually[-]oriented offense prior to January 1, 1997, if the person was not sentenced for the offense on or after January 1, 1997, and if, on or after January 1, 1997, the offender is serving a term of imprisonment in a state correctional institution, prior to the offender's release from the term of imprisonment, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator."
 {¶ 20} R.C. 2950.01(G)(3) states that an offender is adjudicated as a sexual predator when "prior to January 1, 1997, the offender was convicted of or pleaded guilty to, and was sentenced for a sexually[-]oriented offense, the offender is imprisoned in a state correctional institution on or after January 1, 1997, and prior to the offender's release from imprisonment, the court determines pursuant to division (C) of section 2950.09 of the Revised Code that the offender is a sexual predator."
 {¶ 21} Appellant argues that because a sexual predator hearing was not conducted before he was released on parole in 1999, the trial court did not have jurisdiction to conduct a sexual predator hearing after he was returned to prison.
 {¶ 22} However, appellant violated his parole and was returned to prison. This court and other courts have held that "R.C. 2950.01(G)(3) and2950.09(C)(1) require only that the offender be `serving a term of imprisonment in a state correctional institution' before the offender may be deemed eligible for status as a sexual predator." State v. Riley
(2001), 142 Ohio App.3d 580, 583; State v. Benson (Aug. 28, 2000), Butler App. No. CA99-11-194. The imprisonment need not be for a sexually-oriented offense. Id.
 {¶ 23} Appellant's sexual predator hearing was held while he was imprisoned in 2002. On March 15, 2001, H.B. 502 amended R.C. 2950.09(C)(1) and 2950.01(G)(3) to delete the phrase "prior to the offender's release from the term of imprisonment." This provision now provides in part:
 {¶ 24} "If a person was convicted of or pleaded guilty to a sexually[-]oriented offense prior to January 1, 1997, if the person was not sentenced for the offense on or after January 1, 1997, and if, on or after January 1, 1997, the offender is serving a term of imprisonment in a state correctional institution, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator."
 {¶ 25} Pursuant to R.C. 2950.09(C)(2)(a), if the department of rehabilitation and correction sends a recommendation that an offender should be adjudicated as a sexual predator, the court may conduct a hearing to determine if the offender is a sexual predator. "The court may hold the hearing and make the determination prior to the offender's release from imprisonment or at any time within one year following the offender's release from imprisonment." Id. R.C. 2950.01(G)(3) currently defines an offender adjudicated as being a sexual predator when "prior to January 1, 1997, the offender was convicted of or pleaded guilty to, and was sentenced for a sexually[-]oriented offense, the offender is imprisoned in a state correctional institution on or after January 1, 1997, the court determines pursuant to division (C) of section 2950.09 of the Revised Code that the offender is a sexual predator."
 {¶ 26} The trial court held a sexual predator hearing on January 9, 2002. On this date, appellant was still incarcerated. Because he was serving a term of imprisonment in a state correctional institution, the trial court had jurisdiction to hold a sexual predator hearing. The fact that the trial court did not adjudicate appellant a sexual predator when he was released on parole is inconsequential because he was returned to prison and was serving a term of imprisonment when the trial court held the hearing. Furthermore, we note that since appellant was returned to prison after violating parole, he was still serving an aggregate sentence for a sexually-oriented offense. See State v. Geran, Butler App. No. CA99-03-054, 2002-Ohio-2599. Therefore, we find no merit to appellant's second assignment of error.
Judgment affirmed.
VALEN, P.J., and WALSH, J., concur.