JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant State of Ohio ("state") is appealing the trial court's granting of defendant-appellee's June 11, 2003 motion to dismiss. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the trial court.
 I {¶ 2} Defendant-appellee Clarence Champion ("appellee") was convicted on May 23, 1978 of gross sexual imposition along with other charges. Appellee was sentenced to a total of thirteen and one-half to fifty years. Appellee served eleven years in prison and was released on parole in 1989. On July 20, 1989, after being released for approximately four months, defendant was arrested, convicted, and reincarcerated on March 9, 1990.[1] Appellee was subsequently paroled on November 2, 1994 and was sent back to prison for parole violations later in 1994 and in 2001.
 II {¶ 3} Appellant's assignment of error states: "The trial court erred as a matter of law when it ruled that the defendant was not a sexually oriented offender and therefore under no duty to register as a sexually oriented offender pursuant to R.C.2950.04(A)(1)."
 {¶ 4} Adjudication as a sexual predator is distinct from the duty to register. Offenders who do not fit within any of the categories specified in R.C. 2950.04 are not required to register. State v. Taylor (2003), 100 Ohio St.3d 172. An offender who was convicted of a sexually oriented offense prior to January 1, 1997 and who was serving a prison term for a different offense on that date could be adjudicated to be a sexual predator, but could not be required to register. State v.Riley (2001), 142 Ohio App.3d 580.
 {¶ 5} An offender must fit one of the categories in R.C.2950.04(A) before he can be required to register as a sexual predator. An offender can properly be adjudicated a sexual predator, but not have the duty to register under R.C.2950.04(A). State v. Riley (2001), 142 Ohio App.3d 580.
 {¶ 6} The language of R.C. 2950.04(A)(1) is different from that of R.C. 2950.01(G)(3) and 2950.09(C)(1). The clear and unambiguous language of R.C. 2950.04(A)(1) requires that anoffender be serving a term of imprisonment on July 1, 1997 for asexually oriented offense before he can be required to registeras a sexual predator. R.C. 2950.04(A)(1) is similar to R.C.2950.03(A)(1), which, in describing the mandatory registration of a sexual predator, requires that an offender be serving a termfor a sexually oriented offense. State v. Riley (2001),142 Ohio App.3d 580.
 {¶ 7} Section 2950.04 governs a defendant's duty to register as a
 {¶ 8} sexually oriented offender and states the following:
"(A)(1) Each of the following types of offender who isconvicted of or pleads guilty to, or has been convicted of orpleaded guilty to, a sexually oriented offense that is not aregistration-exempt sexually oriented offense shall registerpersonally with the sheriff of the county within five days of theoffender's coming into a county in which the offender resides ortemporarily is domiciled for more than five days, shall registerpersonally with the sheriff of the county immediately upon cominginto a county in which the offender attends a school orinstitution of higher education on a full-time or part-time basisregardless of whether the offender resides or has a temporarydomicile in this state or another state, shall registerpersonally with the sheriff of the county in which the offenderis employed if the offender resides or has a temporary domicilein this state and has been employed in that county for more thanfourteen days or for an aggregate period of thirty or more daysin that calendar year, shall register personally with the sheriffof the county in which the offender then is employed if theoffender does not reside or have a temporary domicile in thisstate and has been employed at any location or locations in thisstate more than fourteen days or for an aggregate period ofthirty or more days in that calendar year, and shall registerwith the sheriff or other appropriate person of the other stateimmediately upon entering into any state other than this state inwhich the offender attends a school or institution of highereducation on a full-time or part-time basis or upon beingemployed in any state other than this state for more thanfourteen days or for an aggregate period of thirty or more daysin that calendar year regardless of whether the offender residesor has a temporary domicile in this state, the other state, or adifferent state:
 Regardless of when the sexually oriented offense wascommitted, an offender who is sentenced for the sexually orientedoffense to a prison term, a term of imprisonment, or any othertype of confinement and, on or after July 1, 1997, is released inany manner from the prison term, term of imprisonment, orconfinement;
 Regardless of when the sexually oriented offense wascommitted, an offender who is sentenced for a sexually orientedoffense on or after July 1, 1997, and to whom division (A)(1)(a)of this section does not apply;
 If the sexually oriented offense was committed prior to July1, 1997, and neither division (A)(1)(a) nor division (A)(1)(b) ofthis section applies, an offender who, immediately prior to July1, 1997, was a habitual sex offender who was required toregister under Chapter 2950. of the Revised Code."
 {¶ 9} (Emphasis added.)
 {¶ 10} In the case at bar, appellee had no duty to register as a sexual predator. He did not fit into the pertinent categories listed in the statute above. Appellee does not fall under R.C. 2950.04(A)(1)(b) because he was sentenced prior toJuly 1, 1997. Appellee was originally sentenced back in 1978. He was originally convicted of gross sexual imposition and other charges on May 23, 1978. Appellee was sentenced to two to five years on the gross sexual imposition charge, to run concurrently with other sentences. He served approximately eleven years before he was released on parole on March 10, 1989. Accordingly, appellee does not fit into section (A)(1)(b) because of his particular circumstances and the fact that he was sentenced prior to July 1, 1997.
 {¶ 11} In addition, appellee evades section (A)(1)(c) because he was never adjudicated a habitual sex offender and was therefore not required to register under R.C. 2950.
 {¶ 12} Although appellee was in prison after July 1, 1997, he was in prison due to parole violations, ostensibly for non-sexually oriented offenses. Even though the state specifies in its brief that the parole violations were not sexually oriented offenses, that is only information proffered in a brief, not evidence admitted in court. In other words, there is nothing in the record stating exactly what the probation violations were.
 {¶ 13} In fact, the state's brief indicated that appellee's parole violations were for possession of cocaine and possession of criminal tools, and not for sexually oriented offenses. In addition, the state's attorney actually supported this contention in the hearing when he stated:
"He was thereafter, or in 1999, I believe it was, he wasreturned to a prison on a different type of imprisonment, not onthe GSI. Whether it was a culmination of a parole or a new case,he was in prison after 1997, Your Honor."[2]
 {¶ 14} (Emphasis added.)
 {¶ 15} There is nothing in the record to indicate exactly why appellee was returned to prison. Without the record providing the specifics of why appellee was sent back to prison, the state fails to show that the registration statute applies. The plain language of R.C. 2950.04 requires that the offender be sentenced for or under confinement for a "sexually oriented offense" on or after July 1, 1997 in order for the registration requirement to be applicable. The specific facts of this particular case do not present us with sufficient evidence to indicate that the registration requirement is applicable. Therefore, appellant's assignment of error is without merit.
 {¶ 16} Appellant's assignment of error is overruled.
 {¶ 17} The judgment is affirmed.
Judgment affirmed.
 McMonagle, J., concurs.
 Dyke, P.J., concurs in judgment only.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] According to the state's brief, defendant-appellee was arrested, convicted, and reincarcerated for possession of cocaine and later for possession of criminal tools, and not for anysexual offenses. See p. 1 of appellant's brief.
[2] Tr. at 8.